# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

JUDGE PETER J. WALSH

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2925

October 4, 2007

Laura Davis Jones
Brad R. Godshall
Alan Kornfeld
Joshua M. Fried
Timothy P. Cairns
Pachulski Stang Ziehl & Jones, LLP
919 North Market Street
17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

Counsel for the Debtor/
Plaintiff

Noel C. Burnham
Montgomery, McCracken,
Walker & Rhoads, LLP
1105 North Market Street
Suite 1500
Wilmington, DE 19801

Stephen M. Mertz
Charles F. Webber
Faegre & Benson LLP
2200 Wells Fargo Center
Minneapolis, MN 55402

Attorneys for Defendants

**Re: Mortgage Lenders Network USA, Inc. v. Wells Fargo Bank, et al. Adv. Proc. No. 07-51683(PJW)**

Dear Counsel:

Having reviewed the briefs related to Defendants' motion to dismiss the second claim for relief (Doc. # 4), I have a number of questions.

(1) On page 6 of its brief, the Debtor states that "MLN originated mortgage loans (the "Loans") that it subsequently sold to, among others, the Trusts." Did those sale transactions result in the mortgage documents being retitled in the name of the Trust as mortgagee or did those documents remain titled in MLN as the

mortgagee?

(2) On page 6 of its brief, the Debtor asserts that "[b]y agreement of MLN and Defendants, such foreclosures were conducted solely in MLN's name and, at the conclusion of the foreclosure proceedings, the Real Estate was titled solely in MLN's name." Was that agreement written or oral? If it was written, I would like to see a copy of the document(s). If it was oral, the individuals who effected the agreement should be identified.

(3) On page 7 of its brief, the Debtor asserts that "on the Petition Date MLN held title to twenty-six (26) parcels of Real Estate." I assume that means that prior to the Petition Date all 26 parcels were acquired through foreclosure and deeds were issued to MLN. Please confirm. During what period of time were the parcels deeded over to the Debtor?

(4) Wells Fargo's brief attaches portions of the three relevant Servicing Agreements. Am I correct in assuming that the Debtor agrees that these are the relevant documents. With that assumption, I would like to know what those documents say about what law governs the interpretation and application of those documents. What federal (other than bankruptcy) and/or state law is implicated in these Servicing Agreements. Other than as stated on pages 7 and 8 of Wells Fargo's opening brief, do these Servicing Agreements address how and when the mortgage documents and/or foreclosure deeds identify the owner of the mortgage and/or deed.

3

(5) In its complaint, the Debtor identifies Wells Fargo as a "lienholder" with respect to the foreclosed properties. (At ¶ 24) On page 2 of its brief, the Debtor identifies Wells Fargo as holding "unrecorded equitable interests" in the foreclosed properties.  Has the Debtor abandoned the concept of a "lienholder".  If not, I am requesting that the Debtor articulate what facts identify Wells Fargo as a "lienholder."

I would appreciate a prompt response to this letter.

Very truly yours,

Peter J. Walsh

PJW:ipm